UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH W. FINFROCK,

     Petitioner,

v.                                      CASE NO. 6:06-cv-1763-Orl-31KRS

T.R. DOUBERLY, et al.,

     Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 13). Petitioner filed a reply and an amended reply to the response (Doc. Nos. 18 & 25).

Petitioner alleges two claims for relief in his habeas petition: (1) his due process right was violated because he did not have a complete transcript on direct appeal and was denied a copy of the complete transcript by the state court, and (2) the state court lacked jurisdiction to sentence him for title fraud because he changed his name pursuant to Indiana law.

I.      *Procedural History*

On July 11, 2003, in two separate criminal cases, Petitioner entered pleas of nolo contendere to one count of title fraud and to one count of failure to register as a sex offender.  The state trial court sentenced Petitioner to eighteen months of community control to be followed by three and one-half years of probation for each count, to run concurrently.  On July 21, 2003, two Affidavits of Violation of Community Control were filed related to each of Petitioner's criminal cases after he absconded and failed to report to Probation and Parole.  On July 26, 2003, Petitioner filed a motion to withdraw his plea as it related to the offense of title fraud.  The trial court denied the motion on August 8, 2003.  Petitioner did not appeal.

On May 11, 2004, two Amended Affidavits of Violation of Community Control were filed in relation to each of Petitioner's criminal cases after he was arrested and charged in Minnesota with forgery and failure to register as a predatory offender.  On July 12, 2004, Petitioner entered pleas of nolo contendere to absconding and failing to report in both criminal cases.  The state court sentenced Petitioner to concurrent 42.375 month terms of imprisonment.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam* on February 8, 2005.  Petitioner filed a motion for rehearing, which was denied on March 15, 2005.  Mandate issued on April 1, 2005.

On December 19, 2005, Petitioner filed a petition for writ of habeas corpus in the Fifth District Court of Appeal, which denied relief on December 20, 2005.  Petitioner filed

2

a notice of appeal with the Supreme Court of Florida, which dismissed the appeal for lack of jurisdiction.

On December 20, 2005, Petitioner filed a "Motion for Transcripts and Production of Documents All Pro Se Motions by Appellant" in the state trial court.  On January 5, 2006, the state trial court denied the motion.  On January 13, 2006, Petitioner filed a "Motion to Dismiss Charges Fl. R.C.P. 3.190(c) and Motion to Compel Fl. R.C.P. 3.220(a),(g),(J),(N), for Transcripts Fl. R. A.P. 9.140 (d), (I), Record Fl. R.A.P. 9.200(A),(B)" in the Florida Supreme Court, which treated the motion as an appeal from the trial court's order denying Petitioner's "Motion for Transcripts and Production of Documents All Pro Se Motions by Appellant" and transferred the case to the Fifth District Court of Appeal.  The state district court treated the motion as a petition for writ of mandamus; and on November 1, 2006, denied the petition.

During the course of those proceedings, on January 3, 2006, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court.  On July 12, 2006, the appellate court denied the petition as procedurally barred.

## II.    *Analysis*

### A.    *Claim One*

Petitioner asserts that his due process right was violated because he was denied copies of transcripts on direct appeal.  Petitioner contends that when he appealed his convictions and sentences from his pleas related to his violations of community control, the

appellate court was not provided a transcript of the proceedings held on May 18, 2003,[1] and July 12, 2004.[2]

As an initial matter, the Court notes that on direct appeal, Petitioner's attorney cited to the transcript of the July 12, 2004, plea hearing on the community control violations. *See* App. C. Moreover, Petitioner filed an additional *pro se* brief on direct appeal, wherein he raised only sentencing errors based on his prior convictions and his sentencing scoresheet. *See* App. E. Nothing in Petitioner's *pro se* appellate brief indicates that his direct appeal was premised in anyway on his pleas. Thus, even assuming that the July 12, 2004, plea transcript was not part of the record on appeal, the absence of the transcript did not impact Petitioner's direct appeal.

Furthermore, to the extent Petitioner maintains that the transcript from a proceeding on May 18, 2003, was necessary to his direct appeal, this argument is without merit. The May 18, 2003, proceeding related to Petitioner's original plea to the charge of title fraud. Petitioner did not appeal the state court's denial of the motion to withdraw the plea as to the charge of title fraud. As such, he was not entitled to relief on any claims arising from the original criminal proceedings. *See, e.g., Robinson v. State*, 689 So. 2d 1147, 1149 (Fla. 4th DCA 1997) (determining that because defendant did not appeal his original sentence, he

---

[1]This appears to be the date on which Petitioner was initially arrested for title fraud. Based on the pleadings filed by Petitioner in the state courts, it appears that he is referring to the May 18, 2003, transcript from his initial appearance in state court.

[2]The July 12, 2004, transcript is from Petitioner's plea hearing on his violations of community control.

was not entitled to relief on his claims relating to the original plea and sentence on direct

appeal from the revocation of probation).

   In addition to the foregoing, the Court notes that Petitioner filed a "Motion for

Transcripts and Production of Documents All Pro Se Motions by Appellant," requesting

the production of transcripts for use in his state petition for habeas corpus relief. *See* App.

R. The state trial court denied the motion, concluding that pursuant to Florida law there

is no right to free transcripts in postconviction proceedings. *See id.* at 2.

   When a claim has been denied by the state court on the merits, 28 U.S.C. § 2254(d)

guides this Court's consideration of the claim. Section 2254(d) provides as follows:

> (d)   An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2)   resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835

(11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the Supreme Court]
> on a question of law or if the state court decides a case differently than [the
> Supreme Court] has on a set of materially indistinguishable facts. Under the
> 'unreasonable application' clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle from [the

5

Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1).

Federal courts have held that a party seeking collateral relief is "entitled to a free transcript of his trial if necessary to make out his case." *Poe v. United States*, 229 F. Supp. 6, 7 (D.C.D.C. 1964); *see also Bentley v. United States*, 431 F.2d 250, 253 (6th Cir. 1970) (holding that "in any case where a transcript is necessary for the taking of an appeal (either direct or postconviction), an indigent appellant has a constitutional right to have one furnished by the government, unless there are alternative appeal measures available or this right is waived.").

In the instant case, Petitioner sought the transcripts at issue in order to challenge his conviction and sentence for title fraud. However, as noted previously, Petitioner failed to appeal his conviction and sentence for that offense and was barred by state law from doing so in his proceedings stemming from his convictions and sentences for violations of community control. Thus, this Court cannot conclude that the transcripts were necessary to make out any claims from his community control violation convictions and sentences. Thus, the state court's determination was neither contrary to, nor an unreasonable application of federal law; and this claim is denied pursuant to 28 U.S.C. § 2254(d).

B.    *Claim Two*

Petitioner asserts that the state court lacked jurisdiction to sentence him for title fraud because he changed his name pursuant to Indiana law.  Respondents contend that this claim is procedurally barred because Petitioner failed to properly present this claim to the state courts.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[3] or (2) are not exhausted but would clearly be barred if returned to state court.[4]  Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.  In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ."  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

As noted *supra*, Petitioner entered a plea to the offense of title fraud, the conviction he seeks to challenge in this Court.  However, Petitioner failed to file a direct appeal from

---

[3]*Harris v. Reed*, 489 U.S. 255 (1989).

[4]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

this conviction. The record reveals that Petitioner raised the instant claim in a state petition for writ of habeas corpus relief after he entered his pleas to violations of community control and more than two years after he entered his plea of nolo contendere to the offense of title fraud. *See* App. K. The habeas petition was denied by the state court without opinion. *See* App. L.

Pursuant to Florida law, "'[h]abeas corpus petitions are not to be used for additional appeals on questions which could have been . . . or were raised on appeal or in a rule 3.850 motion, of on matters that were not objected to at trial.'" *Teffeteller v. Dugger*, 734 So. 2d 1009, 1025 (Fla. 1999) (quoting *Parker v. Dugger*, 550 So. 2d 459, 460 (Fla. 1989)). Thus, Petitioner attempted to raise this claim in a manner not permitted by state procedural rules; therefore, it appears that he is procedurally barred from pursuing this claim in this Court. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994) (noting that if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court).

There are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not

shown the applicability of the actual innocence exception.  A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two is procedurally barred.[5]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1, filed November 13, 2006) filed by Joseph W. Finfrock is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 30th day of August, 2007.

Copies to:
sc 8/30
Counsel of Record
Joseph W. Finfrock

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5]The Court notes that subsequent to filing the instant petition Petitioner filed a notice with this Court indicating that he had filed a motion to correct an illegal sentence and petition for release by writ of habeas corpus in the state courts in an attempt to exhaust this claim.  However, this claim should have been raised on direct appeal from the state court, and there is nothing to indicate that this claim is meritorious.  *See, e.g., Robinson*, 689 So. 2d at 1149 (determining that because defendant did not appeal his original sentence, he was not entitled to relief on his claims relating to the original plea and sentence on direct appeal from the revocation of probation).  Thus, there is no basis on which the instant case should be stayed to allow Petitioner to exhaust his claim in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition."); *see also Kelley v. Secretary, Dept. Of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (stating "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [courts] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").